```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
   In Re Warrants dated September 18, 2022                 :    22-MC-00275 (VSB)
   and September 20, 2022                                  :
                                                           :           ORDER
-----------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      This is a longstanding action related to the seizure of several bank accounts in relation to certain criminal proceedings (the "Criminal Proceedings"). Specifically, Major Lead International Ltd. ("Himalaya Group"), Hamilton Investment Management Ltd. ("Hamilton"), and Hamilton Opportunity Fund SPC ("the Fund") (collectively, "Movants") moved for the return of funds seized from their bank accounts under Federal Rule of Criminal Procedure 41(g). On January 5, 2023, the Government filed a letter under seal with a status report of this action. (Doc. 35.) On March 13, 2023, Movants filed a renewed motion for return of funds seized from their bank accounts. (Doc. 40.) On March 17, 2025, the parties jointly moved to stay all court deadlines in light of the unsealing of an indictment in the Criminal Proceedings. (Doc. 43.) I granted the motion to stay on March 20, 2023. (Doc. 44.)

      On May 14, 2025, I directed the parties to file a status report describing, among other things, "the parties' positions regarding unsealing the remaining documents in this action" and "whether the criminal proceedings are an adequate remedy at law for Movants." (Doc. 52.) On June 30, 2025, the parties filed a status report stating, among other things, that (1) the parties agree that the docket and all filings, except a January 5, 2023 status letter, can be unsealed; (2) the parties dispute whether a portion of the January 5, 2023 status letter should remain under seal; (3) "the parties agree that the criminal proceedings are an adequate remedy at law for Movants"; (4) "[n]either party requests a hearing"; and (5) "[n]either party has any other issues

to raise." (Doc. 53.)

The Second Circuit has stated that "[a] Rule 41(g) motion is an equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction." *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006) (citations omitted). Indeed, "[j]urisdiction under Rule 41 is to be exercised with great restraint and caution since it rests upon the court's supervisory power over the actions of federal law enforcement officials." *Id.* (internal quotation marks omitted). Accordingly it is hereby:

ORDERED that, because the parties agree that the Criminal Proceedings are an adequate remedy at law for Movants, this case is closed.

IT IS FURTHER ORDERED that this case and all of the documents, except the January 5, 2023 letter, (Doc. 35), are unsealed.

IT IS FURTHER ORDERED that the parties shall submit a joint letter by July 28, 2025 with their respective positions regarding whether any portions of the January 5, 2023 letter should be unsealed.

The Clerk of Court is respectfully directed to unseal all of the documents in this action, except the January 5, 2023 letter, (Doc. 35), and to close this case.

SO ORDERED.

Dated: July 7, 2025
   New York, New York

_____
Vernon S. Broderick
United States District Judge